# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OTTO CANDIES, LLC, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 2018-0435-MTZ |
| | ) | |
| KPMG, LLP, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: March 22, 2019
Date Decided: April 25, 2019

David E. Ross, ROSS, ARONSTAM & MORITZ LLP, Wilmington, Delaware; Terry L. Wit, A. William Urquhart, Juan P. Morillo, Derek L. Shaffer, Lauren H. Dickie, QUINN EMANUEL URQUHART & SULLIVAN, LLP; San Francisco, California and Washington, D.C.; *Attorneys for Plaintiffs*

Kevin R. Shannon, Matthew F. Davis, and Christopher N. Kelly, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; Gregory G. Ballard and Jose F. Sanchez, SIDLEY AUSTIN LLP, New York, New York; *Attorneys for Defendant KPMG Cárdenas Dosal, S.C.*

Todd Schiltz, DRINKER BIDDLE & REATH LLP, Wilmington, Delaware; Robert A. Scher and Jonathan H. Friedman, FOLEY & LARDNER LLP, New York, New York; *Attorneys for Defendant KPMG, LLP*

Timothy Jay Houseal, Jennifer M. Kinkus, William E. Gamgort, YOUNG CONAWAY STARGATT & TAYLOR LLP, Wilmington, Delaware; Ana C. Reyes, WILLIAMS & CONNOLLY, LLP, Washington, D.C.; *Attorneys for Defendant KPMG International Cooperative*

**ZURN, Vice Chancellor**

Peculiar facts can prod the limits of otherwise routine court rules. This case provides one such example: namely, whether this Court's specific rules on amendments apply when parties transfer a fully briefed motion from another Delaware court. Plaintiffs initially filed this action in the Superior Court, where the parties briefed and argued motions to dismiss. The Superior Court held that it lacked subject matter jurisdiction and plaintiffs transferred the case, along with the motions as briefed in the Superior Court, to this Court under 10 *Del. C.* § 1902. On February 28, 2019, this Court issued a memorandum opinion dismissing plaintiffs' complaint for lack of personal jurisdiction and for failure to state a claim.[1]

Court of Chancery Rule 15(aaa) requires plaintiffs faced with a motion to dismiss for failure to state a claim to either amend their complaint instead of opposing the motion, or else stand firm and face a dismissal with prejudice if they lose. The Superior Court has no corollary requirement. To inform whether plaintiffs' dismissals are with or without prejudice, this Court's opinion requested supplemental briefing on the applicability of Rule 15(aaa) to fully briefed dispositive motions transferred under Section 1902.

I conclude that Rule 15(aaa), or the policies that motivate it, apply when a complaint is transferred to this Court subject to a fully briefed motion seeking

---

[1] *Otto Candies, LLC v. KPMG LLP*, 2019 WL 994050, at *2-6 (Del. Ch. Feb. 28, 2019).

dismissal under Rules 12(b)(6) or 23.1.  Transferring plaintiffs must either seek leave to amend or stand firm on their complaint and risk dismissal with prejudice under Rule 15(aaa).  However, because the parties in this action were the first to confront this issue, the interests of justice require a mulligan.  Extinguishing plaintiffs' claims with prejudice under Rule 15(aaa) would be unduly penal under the circumstances, and so their claims are dismissed without prejudice under the good cause exception to Rule 15(aaa).  Plaintiffs may move to amend.

## I.    BACKGROUND

I refer readers to the background section of the prior opinion in this case for a full recitation of the facts.[2]  Here, I provide only a brief overview of the procedural posture relevant to my decision.[3]

Plaintiffs filed their complaint on February 26, 2016 in the Superior Court.[4] On June 27, 2016, Defendants separately moved to dismiss (the "Motions to Dismiss").  The parties stayed briefing on the Motions to Dismiss for more than a year as they litigated complex personal jurisdictional disputes that culminated in a series of protective orders, a ruling from the appointed Special Master on the scope

---

[2] *Otto Candies*, 2019 WL 994050, at *2-6.  I also import any defined terms from that opinion.

[3] *See Otto Candies, LLC v. KPMG LLP*, C.A. No. N16C-02-260 PRW CCLD (Del. Super. Ct.) [hereinafter Superior Court Action].

[4] Superior Court Action, D.I. 1.

of personal jurisdiction, and a decision from the Superior Court adopting the Special Master's decision in full.[5] With the personal jurisdiction issues settled and jurisdictional discovery complete, Plaintiffs opposed the Motions to Dismiss on September 13, 2017.[6] Defendants filed reply briefs on November 13 and 14, 2017.[7]

The parties' briefing on the Motions to Dismiss totaled 271 pages, excluding exhibits and affidavits. Defendants sought dismissal on a number of grounds, including that the Superior Court lacked subject matter jurisdiction to hear Plaintiffs' claims for negligent representation, which are typically heard in the Court of Chancery. On December 4, 2017, the Superior Court heard argument on the Motions to Dismiss. On December 15, 2017, Plaintiffs filed a motion for judicial notice of certain materials that purportedly "would be relevant to a proposed amended complaint should Defendants' motions to dismiss not be denied and Plaintiffs be granted leave to replead."[8] On April 25, 2018, the Superior Court ruled that it lacked subject matter jurisdiction to hear negligent misrepresentation claims, and permitted Plaintiffs the opportunity to transfer venue to this Court under Section 1902.[9]

---

[5] *Otto Candies*, 2019 WL 994050, at *3-5.

[6] Superior Court Action, D.I. 99.

[7] Superior Court Action, D.I. 104-109.

[8] Superior Court Action, D.I. 113 ¶ 1.

[9] *Otto Candies, LLC v. KPMG LLP*, 2018 WL 1960344, at *4 (Del. Super. Ct. Apr. 25, 2018). The Superior Court denied Plaintiffs' motion for judicial notice as mooted by its jurisdictional ruling. *Id.* at *5.

On June 13, 2018, Plaintiffs re-filed their complaint in this Court with minor amendments to bring the complaint in line with our procedural rules. In a joint letter accompanying that transfer, the parties stated:

> While the Superior Court held that it lacked subject matter jurisdiction over plaintiffs' claims, it did not rule on other issues defendants raised in their pending motions to dismiss . . . . Those issues remain outstanding. . . . The parties respectfully request that Your Honor rule on the motion to dismiss issues that remain outstanding.[10]

The parties also transferred the motion for judicial notice from the Superior Court, and Plaintiffs filed a second motion for judicial notice of materials that, as in the first motion, purportedly "would be relevant to any proposed amended complaint, should one be occasioned by this Court's ruling on Defendants' motions to dismiss."[11] Defendants' opposition to the second motion for judicial notice raised the question of Rule 15(aaa)'s applicability to any amended complaint for the first time in this action.[12]

I heard argument on November 7, 2018.[13] At argument, I denied the motions for judicial notice as unripe because they were framed in the context of a yet-unfiled amended complaint. On February 28, 2019, I granted the Motions to Dismiss and dismissed Plaintiffs' claims under Rules 12(b)(2) and 12(b)(6) for lack of personal

---

[10] D.I. 2 at 2.

[11] D.I. 45 ¶ 1.

[12] D.I. 56 ¶ 10 n.7.

[13] I refer to the hearing transcript as the "Hearing Tr."

4

jurisdiction and failure to state a claim.  However, in light of the parties' skirmishes on Rule 15(aaa), I requested supplemental briefing on its application and whether the dismissals should be with or without prejudice.  On March 22, the parties filed their submissions.[14]

## II.    ANALYSIS

### A.    Rule 15(aaa) And Its Policies Apply, But Plaintiffs Have Shown Good Cause To Prevent Dismissal With Prejudice.

Rule 15(aaa) requires parties to make a choice when faced with a motion to dismiss under Rules 12(b)(6) or 23.1: amend or stand firm.

> In the event a party fails to timely file an amended complaint or motion to amend . . . and the Court thereafter concludes that the complaint should be dismissed under Rule 12(b)(6) or 23.1, such dismissal shall be with prejudice . . . unless the Court, for good cause shown, shall find that dismissal with prejudice would not be just under all the circumstances.[15]

"The purpose of Rule 15(aaa) was to curtail the number of times that the Court of Chancery was required to adjudicate multiple motions to dismiss the same action."[16]  Accordingly, "[t]he rule is intended to conserve litigants' and judicial

---

[14] D.I. 77 (Defendants), 78 (Plaintiffs).

[15] Ct. Ch. R. 15(aaa).

[16] *Braddock v. Zimmerman*, 906 A.2d 776, 783 (Del. 2006).

resources by discouraging a party from briefing a dispositive motion before filing an amended complaint."[17]

Plaintiffs initially filed their complaint in the Delaware Superior Court, which has no corollary to Rule 15(aaa). When the Superior Court agreed with Defendants that it lacked subject matter jurisdiction, it did so without reaching any other substantive arguments in the Motions to Dismiss. Under Section 1902, Plaintiffs elected to transport the Motions to Dismiss and their briefing whole-cloth from Superior Court to this Court. The parties understood that transferring to this Court required compliance with this Court's Rules.[18]

Had Plaintiffs filed in this Court to begin with, Rule 15(aaa) would have required them to either stand on their complaint or amend in response to the Motions to Dismiss. The question now is whether Rule 15(aaa) applies where (i) a fully briefed motion to dismiss under Rule 12(b)(6) is transferred from Superior Court to this Court, and (ii) plaintiffs elect to stand on that briefing and their complaint rather than seek leave to amend promptly upon transfer. I hold that it does.

---

[17] *E. Sussex Assocs., LLC v. W. Sussex Assocs., LLC*, 2013 WL 2389868, at *1 (Del. Ch. June 3, 2013).

[18] *See generally* D.I. 1 (modifying complaint to comply with Court Rules); D.I. 2 (joint letter from the parties requesting that the Court "rule on the motion to dismiss issues that remain outstanding"); 10 *Del. C.* § 1902.

6

Plaintiffs argue that Rule 15(aaa) cannot apply because it demands that parties make their choice to amend or stand firm "no later than the time such party's answering brief in response to [a relevant motion] is due to be filed," and that deadline was never triggered in this Court because the parties transferred the fully briefed dispute from the Superior Court.[19] While I recognize that Rule 15(aaa) does not squarely map on to a motion transferred under Section 1902, this Court has discretion to conform the transferred case "to law and to the rules and practice of [this] court, and may by rule or special order provide for amendments in pleadings and for all other matters concerning the course of procedure for hearing and determining the cause as justice may require."[20] Even if Rule 15(aaa)'s procedures were not triggered, in my view, its underlying policies should apply on these facts to "curtail the number of times that the Court of Chancery [is] required to adjudicate multiple motions to dismiss the same action."[21] The spirit of Rule 15(aaa) demands that parties transferring to this Court with a fully briefed motion to dismiss must either promptly move to amend, or else stand on their papers and risk a dismissal with prejudice. Requiring an amendment after transfer does not penalize parties for

---

[19] D.I. 78 at 3.

[20] 10 *Del. C.* § 1902.

[21] *Braddock*, 906 A.2d at 783; *see also E. Sussex Assocs.*, 2013 WL 2389868, at *1.

beginning their case in a different Delaware court. But it does oblige them to timely conform to this Court's rules and policies once they arrive.

Rule 15(aaa) only permits a dismissal without prejudice where "the Court, for good cause shown, [finds] that dismissal with prejudice would not be just under all the circumstances."[22] Plaintiffs attempt to show good cause by arguing a lack of notice that the Rule 9(b) pleading standard might apply to their claims.[23] But Defendants repeatedly pressed to apply Rule 9(b) in their motions to dismiss before the Superior Court, so Plaintiffs were aware of those arguments even before transferring. Plaintiffs could have sought leave to amend to address any concerns regarding Rule 9(b) either in the Superior Court or upon transfer to this Court. Nor is Rule 15(aaa) rendered unjust by Plaintiffs' proffered bevy of amendments to shore up the complaint's deficiencies.[24] Nearly every plaintiff who receives a decision dismissing their complaint will have a better idea of how to improve their pleading. Rule 15(aaa) exists to avoid that scenario and force plaintiffs to make their call: amend or stand.[25]

---

[22] Ct. Ch. R. 15(aaa); *see also TVI Corp. v. Gallagher*, 2013 WL 5809271, at *22-23 (Del. Ch. Oct. 28, 2013) (applying Rule 15(aaa) good cause exception where plaintiffs mistakenly filed wrong pleading).

[23] D.I. 78 at 4.

[24] D.I. 78 at 4-5.

[25] *Braddock*, 906 A.2d at 783; *E. Sussex Assocs.*, 2013 WL 2389868, at *1.

Nonetheless, I find that dismissal of the claims in this case with prejudice would be unjust for a different reason. Rule 15(aaa)'s application to a fully briefed motion to dismiss transferred to this Court under Section 1902 is an issue that has yet to be resolved—or apparently even raised—in a written Delaware decision.[26] Although Plaintiffs would have been wise to seek clarification on the application of Rule 15(aaa), or even seek leave to amend out of caution in light of their multiple motions for judicial notice contemplating stronger pleadings, I recognize that the parties were in uncharted waters. On these unique facts, the policies underlying Rule 15(aaa) yield to the Court's broader policy of liberal amendments.[27]

I conclude dismissal with prejudice is unduly penal where Plaintiffs failed to predict the answer to this undecided procedural question. This Court has applied Rule 15(aaa)'s good cause exception where, for instance, it found that plaintiffs had made a good faith error in filing an incorrect complaint.[28] I believe Plaintiffs likewise operated in good faith while in the shadow of a murky and dispositive legal issue. I apply the good cause exception to dismiss Plaintiffs' claims without

---

[26] The parties have not identified a case resolving this scenario, nor have I found one. The closest instance appears to be *Reed v. Withers*, where Vice Chancellor Glasscock required a motion to amend from a plaintiff who added new substantive allegations to a complaint that was transferred from the Superior Court and subject to a fully briefed motion to dismiss in that Court. *See* C.A. No. 8395-VCG (Del. Ch. Apr. 25, 2013).

[27] *See* Ct. Ch. R. 15(a) (requiring that "leave shall be freely given when justice so requires").

[28] *TVI Corp.*, 2013 WL 5809271, at *22-23.

9

prejudice. But now that the issue has been sorted out, I would not give the same latitude to future parties in similar situations.

### B. Dismissal Under Rule 12(b)(2) Is Without Prejudice.

The opinion also dismissed claims against certain foreign parties for lack of personal jurisdiction under Rule 12(b)(2). Those dismissals are not subject to Rule 15(aaa), which applies only against motions under Rules 12(b)(6) and 23.1. Plaintiffs represent that they do not currently intend to renew their claims against those foreign parties, but seek dismissal without prejudice in the event they learn additional facts that would support personal jurisdiction.[29] Defendants assert that Plaintiffs have already had the opportunity for jurisdictional discovery and cannot cure their defects by repleading.[30] I err on the side of caution and hereby dismiss the claims under Rule 12(b)(2) without prejudice.[31]

## III. CONCLUSION

Plaintiffs' claims are dismissed under Rules 9(b), 12(b)(2), and 12(b)(6) without prejudice. Plaintiffs may seek leave to amend.

---

[29] D.I. 78 at 6 n.3.

[30] D.I. 77 at 5.

[31] Additionally, Plaintiffs renew their prior motions for judicial notice, which this Court previously found unripe because they were in the context of an amended complaint. I hereby deny those motions without prejudice as still unripe until a relevant amended complaint is filed.